**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CECIL DAWSON,

        Plaintiff-Appellant,

v.

P. IELACQUA; CITY OF
ALBUQUERQUE; B.A. CHAVEZ;
E&A KAP, INC., doing business as
Town & Country Towing; MARK
PADILLA; NICHOLAS BEGAY;
JESUS BANUELOS; JOE L.
GARCIA,

        Defendants-Appellees.

No. 03-2082
(D.C. No. CIV-02-113 LFG/WWD)
(D.N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Cecil Dawson appeals from the district court's orders granting judgment on the pleadings and summary judgment for the defendants on Dawson's civil rights complaint brought pursuant to 42 U.S.C. § 1983. Dawson also challenges the district court's denial of leave to amend his complaint to add claims against defendants Ielacqua and Chavez.

Dawson raises the following issues:

1. Did the district court improperly dismiss the declaratory relief claims against defendant Chavez, and proposed retaliation claim against Ielacqua, for failure to state a claim, and if not, did it abuse its discretion by refusing leave to amend when it gave no valid reason for the refusal?

2. Did the district court improperly grant summary judgment to the City, Ielacqua, Padilla, Begay, Banuelos, and Garcia, when it failed to apply proper law and material facts were ignored or in dispute?

Aplt. Opening Br. at 1.

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. We review a grant of summary judgment *de novo*, applying the same standard as the district court. We examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion. However, where the non moving party will bear the burden of proof at trial on a dispositive issue that party

-2-

must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted).

We review de novo the district court's order granting judgment on the pleadings. *Deck v. Engineered Laminates*, 349 F.3d 1253, 1256 (10th Cir. 2003). We review the district court's denial of leave to amend a complaint for an abuse of discretion. *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000).

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we determine that Dawson has raised no reversible error in this case. We therefore AFFIRM the challenged decisions for substantially the same reasons stated by the district court in its orders of October 4, 2002 (R. doc. 88); November 8, 2002 (R. doc. 106); and February 28, 2003 (R. doc. 139).

Entered for the Court

Bobby R. Baldock
Circuit Judge
